## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| **ANGELICA BALDERAS**, | ) | Case No. 3:24-cv-263 |
| *on behalf of herself and all others* | ) | |
| *similarly situated,* | ) | Judge Jack Zouhary |
| | ) | |
| Named Plaintiff, | ) | |
| | ) | |
| v. | ) | **<u>JURY DEMAND</u>** |
| | ) | **<u>ENDORSED HEREON</u>** |
| **NORPLAS INDUSTRIES, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>PLAINTIFF'S FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT</u>

Now comes Named Plaintiff Angelica Balderas ("Named Plaintiff" or "Balderas"), by and through undersigned counsel, *individually and on behalf of all others similarly situated*, for her First Amended Collective and Class Action Complaint against Defendant Norplas Industries, Inc. ("Norplas" or "Defendant") for Defendant's willful failure to pay Named Plaintiff and other similarly situated employees overtime wages as well as failure to comply with all other requirements of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, and Ohio common law, and states and alleges as follows:

## <u>INTRODUCTION</u>

1.      The FLSA is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendant to pay all non-exempt

employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio statutory law further required the payment of overtime compensation and/or contained other compensation requirements. *See* O.R.C. § 4113.15. In Ohio, a claim for unjust enrichment also allows for restitution where "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ('unjust enrichment')." *Brennan v. IES Energy Sols., LLC*, No. 3:20-CV-1965, 2021 WL 4441586, at *7 (N.D. Ohio Sept. 28, 2021); *Hambleton v. R.G. Barry Corp.,* 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984).

2.      Named Plaintiff brings this Collective and Class Action Complaint to challenge the policies and practices of Defendant that violate the FLSA, 29 U.S.C. §§ 201-219, as well as the laws of the State of Ohio, to recover unpaid wages and other damages from Defendant.

3.      As to Count I, Named Plaintiff seeks to prosecute FLSA claims as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated" (the "FLSA Collective," as defined below).

4.      As to Counts II and III, Named Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class," as defined below).[1]

---

[1] Some members of the FLSA Collective are also members of the Ohio Class, as both are defined hereinafter, as is Named Plaintiff.

5.     Named Plaintiff, the FLSA Collective, and Ohio Class now seek to exercise their rights to unlawfully unpaid overtime wages and additional statutory liquidated damages in this matter, other penalties, in addition to prejudgment and post-judgment interest, costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just as a result of Defendant's companywide unlawful pay policies/practices as more fully described below.

## I.     JURISDICTION AND VENUE

6.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. *See* 29 U.S.C. § 216(b).

7.     This Court also has supplemental jurisdiction over the state-law claims because these claims arise from a common nucleus of operative facts. *See* 29 U.S.C. § 1367.

8.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Named Plaintiff's claims here. Specifically, Named Plaintiff worked for Defendant at its manufacturing facility located at 7825 Caple Blvd., Northwood, Ohio 43619, which is located in this judicial district and division.

## II.     THE PARTIES

### A.     Named Plaintiff Balderas

9.     Named Plaintiff Balderas is an individual, a citizen of the United States, and a resident of the State of Ohio.

10.     During the three years preceding this Complaint, Named Plaintiff Balderas worked as an hourly, non-exempt manufacturing/production employee for Defendant.

11.     Named Plaintiff Balderas's Consent to Join Form was previously filed[2] with the original Complaint pursuant to 29 U.S.C. § 216(b) in which Balderas consented to prosecute claims for unpaid wages, other compensation, and other damages and relief against Norplas Industries, Inc., and any related entities, officers, agents, parent corporations, subsidiaries, joint employers, owner(s), enterprise(s), and representatives under the FLSA and applicable state laws.

**B.      Defendant's Business, Defendant's Status as an Employer, and Defendant's Status as an Enterprise**

12.     Defendant is a foreign for-profit corporation formed under the laws of the State of Delaware.

13.     According to records maintained by the Ohio Secretary of State, Defendant's Statutory Agent for service of process is Corporation Service Company, 1160 Dublin Road, Suite 400, Columbus, Ohio 43215.[3]

14.     Norplas Industries is part of the Magna International, Inc. group of companies. In particular, Norplas Industries is a manufacturing facility that manufactures and supplies automotive components, assemblies, and systems to the global automotive industry.

15.     At all times relevant, Norplas was an "employer" of Named Plaintiff and the FLSA Collective within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and was an employer of Named Plaintiff and the Ohio Class within the meaning of O.R.C. § 4113.15.

16.     Defendant utilizes non-exempt employees, including Named Plaintiff, the FLSA Collective, and Ohio Class, in furtherance of its business purposes.

---

[2] *See* ECF No. 1-1, Consent to Join and Participate as Named Plaintiff.
[3] https://bizimage.ohiosos.gov/api/image/pdf/202401901494 (last accessed Feb. 11, 2024).

17.     At all times relevant, Norplas was an enterprise within the meaning of 29 U.S.C. § 203(r). That is, Norplas performs related activities through unified operations and common control for a common business purpose; namely, the manufacturing of automotive components, assemblies, and systems at its "Norplas" facility.

18.     At all times relevant, Defendant had direct or indirect control and authority over Named Plaintiff's, the FLSA Collective's, and Ohio Class's working conditions, including matters governing the essential terms and conditions of their employment.

19.     At all times relevant, Defendant exercised authority and control over Named Plaintiff, the FLSA Collective, and Ohio Class.

20.     At all times relevant, Defendant had the authority to (and currently does) hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records of Named Plaintiff, the FLSA Collective, and Ohio Class.

21.     At all times relevant, Defendant is an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i), or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

22.     During the preceding three (3) years, Defendant has had annual gross volume of sales made or business done of at least $500,000 (exclusive of excise taxes at the retail level that are separately stated) pursuant to 29 U.S.C. § 203(s)(1)(A)(ii).

23.     As alleged below, Defendant applied its policies and/or practices pertaining to the payment of wages, including overtime and other compensation, and timekeeping uniformly to its hourly, non-exempt employees.

### III.  **FACTS**

24.     Named Plaintiff Balderas worked for Defendant primarily as a machine operator from approximately October, 2020, until August 22, 2023.

25.     As a machine operator, Named Plaintiff primarily performed non-exempt job duties such as operating heavy equipment to manufacture parts as directed by Defendant and its supervisor(s), manager(s), and/or needs of the facility.

26.     Since the filing of the Complaint, the following individuals' Consent to Join Forms were filed with the Court:  Kenyetta Hill, Andr'e Williams, Juan BryantBey, Kensley Cowell, Norma Perez, Jawonna Walls, Devonte Hughes, Kimberly Morgan, Ravanna Turner Bey, III, Tyrina Jackson, Kassandra McWilliams, Shane Reno, Richard Battista, Reginald Horne, Antonio Washington, Sr., Sierra Carter, Charles Lutchey, and Latoya Robertson.[4]

27.     Throughout their employments as production/manufacturing employees, Defendant classified Named Plaintiff, the FLSA Collective, and Ohio Class as hourly and non-exempt under the FLSA.

28.     At all times relevant, Named Plaintiff, the FLSA Collective, and Ohio Class were non-exempt employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. § 4113.15.

29.     At all times relevant, Named Plaintiff, the FLSA Collective, and Ohio Class were employees engaged in commerce within the meaning of 29 U.S.C. § 207.

30.     At all times relevant, Named Plaintiff, the FLSA Collective, and Ohio Class are entitled to timely paid overtime compensation at the rate of one and one-half times their regular

---

[4] *See* ECF Nos. 5-7, 10-13, 16, 18, and 20.

rate of pay for the hours they worked in excess of forty (40) each workweek. 29 U.S.C. § 207; *see* O.R.C. § 4113.15.

31.     Named Plaintiff, the FLSA Collective, and Ohio Class worked overtime hours during one or more workweeks during their employments with Defendant.

32.     Like the other members of the FLSA Collective and Ohio Class (as defined below), Named Plaintiff Balderas regularly worked more than forty (40) hours in a workweek. Defendant was aware that Named Plaintiff, the FLSA Collective, and Ohio Class worked overtime, but Defendant did not fully and properly pay them in accordance with the minimum requirements of the FLSA and Ohio law for all of their compensable hours worked due to its companywide policies/practices as described below.

33.     Defendant shortchanged its non-exempt employees and failed to pay overtime compensation through unlawful practices that do not pay all overtime hours worked at one and one-half times their regular hourly rates for hours more than forty (40) per workweek.

34.     Defendant consistently, willfully, and intentionally failed to pay Named Plaintiff, the FLSA Collective, and Ohio Class for all hours, including overtime hours, worked, at the statutory overtime rate required. 29 U.S.C. § 207; *see* O.R.C. § 4113.15.

**(Defendant's Failure to Pay for Pre- and/or Post-Shift Work
Due to Defendant's Pay-to-Shift and/or Rounding Practices and/or Policies)**

35.     Named Plaintiff, the FLSA Collective, and Ohio Class are required to arrive at work prior to the scheduled start of their shifts.

36.     After arriving at the facility, Defendant applies a company-wide policy whereby it requires its manufacturing employees to clock in/out[5] each day using an employee's personal identification number to keep track of their work hours.

37.     Once clocked in, but prior to the scheduled "start" of their shift, Defendant required Named Plaintiff, the FLSA Collective, and Ohio Class to perform integral and indispensable unpaid job duties required to perform their manufacturing jobs on a daily basis.

38.     For example, Named Plaintiff and other members of the FLSA Collective and Ohio Class were required to retrieve and don personal protective equipment such as gloves, sleeves, safety glasses, and an apron, among other items. They were also required to retrieve various tools such as cutting knives and blades, among other items, all of which is stored at Defendant's facility.

39.     Defendant required Named Plaintiff, the FLSA Collective, and the Ohio Class to store the above personal protective equipment, tools, and equipment necessary to the performance of their jobs at Defendant's facility; they were prohibited from taking the personal protective equipment, tools, or equipment home with them; they could not arrive already wearing the aforementioned personal protective equipment on the premises; and none of the aforementioned personal protective equipment, tools, and equipment were already available for them at their respective work stations and/or work areas.

40.     Named Plaintiff, the FLSA Collective, and Ohio Class could not perform their primary manufacturing job duties without the above personal protective equipment and necessary tools and equipment.

---

[5] For all intents and purposes, the terms "punch in" and "clock in" are used interchangeably and have the same meaning herein. In addition, the terms "punch out" and "clock out" also are used interchangeably and have the same meaning.

41.     After donning personal protective equipment and gathering necessary tools and equipment, but prior to the scheduled start of their shifts, Named Plaintiff, the FLSA Collective, and Ohio Class were required to report to production floor or break area with their group and shift supervisor(s) and/or managerial employees for a pre-shift meeting so that they could be assigned to a certain machine for the shift and be informed of any necessary instructions and information about what had occurred during the previous shift and/or what needed to be accomplished during the incoming shift such as production requirements, safety issues, and work assignments, among others.

42.     Defendant expected and required Named Plaintiff, the FLSA Collective, and Ohio Class to arrive on the production floor prior to the scheduled start of their shifts in order to complete the aforementioned integral and indispensable job duties so that they could overlap with and relieve the prior shift's employees from their work and engage in an efficient transition to the next shift. They could not perform their production/manufacturing job duties without engaging in the aforementioned shift relief/turnover process.

43.     The companywide shift relief/turnover process was standard operating procedure and integral and indispensable for manufacturing employees to perform their job duties.

44.     In fact, Defendant has a written companywide policy contained in its employee handbook that states, "[y]ou can only clock in within 19 minutes of your scheduled start time," so Defendant was aware that its hourly, non-exempt employees, including Named Plaintiff, the FLSA Collective, and Ohio Class were arriving prior to their scheduled "start" of their shifts.

45.     After completing one or more of the above tasks, Named Plaintiff, the FLSA Collective, and Ohio Class performed their manufacturing job duties for the remainder of their shift.

46.     All of this work is captured on Defendant's companywide timekeeping system.

47.     Although there was no administrative difficulty in compensating manufacturing employees for such work, Defendant does not count the time it takes Named Plaintiff, the FLSA Collective, and Ohio Class to complete the job duties described above as hours worked for purposes of computing overtime or non-overtime hours worked.

48.     These pre-shift job duties resulted in Named Plaintiff, the FLSA Collective, and Ohio Class performing integral and indispensable unpaid work prior to the scheduled start of their shifts.

49.     Defendant required Named Plaintiff, the FLSA Collective, and Ohio Class to perform the aforementioned integral and indispensable job duties prior to the scheduled start of their shifts.

50.     However, Defendant has a companywide policy or practice of not compensating Named Plaintiff, the FLSA Collective, and the Ohio Class for any time prior to the scheduled start of the shifts.

51.     Thus, during all relevant times, Defendant failed to pay Named Plaintiff, the FLSA Collective, and Ohio Class for all overtime work performed because of their policy or practice of not paying employees for pre-shift work.

52.     At the end of their scheduled shifts, Named Plaintiff, the FLSA Collective, and Ohio Class were required to engage in the same or similar shift relief/turnover process with the incoming shift's employees who were relieving them similar to the pre-shift shift relief/turnover process described above.

53.     Defendant required Named Plaintiff, the FLSA Collective, and the Ohio Class to continue working up through and including until they were relieved by the incoming shift's employees.

54.     In fact, Defendant has a written companywide policy contained in its employee handbook that states, "[y]ou must clock out within 9 minutes after the end of your shift," so Defendant was aware that its hourly, non-exempt employees, including Named Plaintiff, the FLSA Collective, and Ohio Class were continuing to work beyond their scheduled "end" of their shifts.

55.     All of this work is captured on Defendant's companywide timekeeping system.

56.     However, Defendant has a companywide policy of either not compensating Named Plaintiff, the FLSA Collective, or the Ohio Class for any time beyond the scheduled end of their shifts or implementing a non-neutral rounding policy/practice.

57.     The pre- and post-shift job duties described above resulted in Named Plaintiff, the FLSA Collective, and Ohio Class performing unpaid integral and indispensable work each day prior to and after the scheduled start and end of their shifts.

58.     Despite Defendant knowing that its employees were performing unpaid work that was integral and indispensable to their job duties prior to the scheduled start of their shifts and after the end of their scheduled shifts, Defendant did not pay Named Plaintiff, the FLSA Collective, and Ohio Class for this pre- and post-shift work.

59.     Thus, during all times relevant, Defendant failed to pay Named Plaintiff, the FLSA Collective, and Ohio Class for all overtime and non-overtime work performed because of its policy or practice of not paying employees for pre- and post-shift work.

60.     At all times relevant, Defendant was aware that Named Plaintiff, the FLSA Collective, and Ohio Class performed integral and indispensable work as alleged above because it

trained and instructed these workers to perform such work, observed them performing this work, and they could be subject to discipline if they did not perform such work, but Defendant nevertheless failed to compensate them for this work.

61.     Defendant's failure to pay for all hours on-the-clock violates the FLSA and Ohio law because it failed to compensate Named Plaintiff, the FLSA Collective, and Ohio Class for all time she and other members of the FLSA Collective and Ohio Class actually worked for Defendant's benefit.

62.     This integral and indispensable unpaid work performed by Named Plaintiff, the FLSA Collective, and Ohio Class was practically ascertainable to Defendant.

63.     There was no practical or administrative difficulty to record/pay this integral and indispensable unpaid work performed by Named Plaintiff, the FLSA Collective, and Ohio Class.

64.     The unpaid work performed by Named Plaintiff, the FLSA Collective, and Ohio Class constituted part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

65.     Moreover, the unpaid work was an integral and indispensable part of other principal activities performed by Named Plaintiff, the FLSA Collective, and Ohio Class and was part of their continuous workday.

66.     However, the unpaid work was not fully paid on a straight time regular rate basis (during non-overtime weeks), nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40) (during overtime weeks), as required by the FLSA. Although Named Plaintiff, the FLSA Collective, and Ohio Class performed their actual, principal job duties as described above at the beginning of the workday up through and including until they leave the premises at the end of the workday, Defendant did not pay this time worked,

which was required to be paid as hours worked under the FLSA. Had Defendant implemented policies in compliance with the FLSA and Department of Labor regulations, Named Plaintiff, the FLSA Collective, and Ohio Class would have been compensated for additional overtime and non-overtime hours for which they were not paid.

67.     As a result of Defendant's failure to pay for all overtime as a result of the above practices and/or policies, Defendant's failure to compensate Named Plaintiff, the FLSA Collective, and Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employee's "regular rate[s]" of pay constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and Ohio law, O.R.C. § 4113.15, which requires the prompt payment of all wages earned and owed.

68.     Although Defendant suffered and permitted Named Plaintiff, the FLSA Collective, and Ohio Class to work more than forty (40) hours per workweek, Defendant failed to pay Named Plaintiff, the FLSA Collective, and Ohio Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. §§ 785.11, 785.13. Though Named Plaintiff, the FLSA Collective, and Ohio Class regularly complete/completed tasks that are required by Defendant, are performed for Defendant's benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities before their shift starting times (and after shift ending times), these workers are not paid for the time spent performing these tasks because Defendant unilaterally did not count this time as hours worked and/or deducted this time worked, regardless of the fact that compensable work was completed. *See* 29 C.F.R. §§ 785.11, 785.13. As a result, Named Plaintiff, the FLSA Collective, and Ohio Class were not properly paid for many of their hours worked as required by the FLSA and Ohio law.

69.     Defendant shortchanged Named Plaintiff, the FLSA Collective, and Ohio Class and avoided paying overtime compensation through Defendant's unlawful policy described above. Defendant intentionally, knowingly, and willfully deducted time worked to reduce labor costs notwithstanding that Defendant's failure to pay for all hours violates Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

70.     Moreover, Defendant utilizes a timekeeping system that captures the exact time that Named Plaintiff, the FLSA Collective, and Ohio Class Members are performing such work, however, Defendant's unlawful policy described above results in a system that has been rigged in Defendant's favor and is willfully designed to pay less time work than time paid. As a result, Named Plaintiff, the FLSA Collective, and Ohio Class have not been able to benefit from Defendant's failure to pay for all hours on-the-clock and/or rounding system; instead, its policy/practice and/or rounding system has resulted in, over a period of time, the willful failure to pay Named Plaintiff, the FLSA Collective, and Ohio Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b), and Ohio law. *See* O.R.C. § 4113.15.

71.     Defendant's time rounding and/or editing policy, and time manipulation practices in conformity with this policy, are not neutral, facially or otherwise.

72.     Defendant's pay practices were the result of systematic and company-wide policies originating at the corporate level. Defendant's policies resulted from knowing or reckless executive decisions. Pursuant to the FLSA, 29 C.F.R. § 785.13, Defendant "cannot sit back and accept the benefits [of additional work completed by Named Plaintiff, the FLSA Collective, and

Ohio Class] without compensating for them." "Management has the power to ….[and] must make every effort to" ensure all work completed before, and after, shifts was paid in accordance with the FLSA and state law. *See id.*

73.     Defendant, through its supervisors and managers, knew that Named Plaintiff, the FLSA Collective, and Ohio Class were working the time for which they were not paid, as a result of Defendant's failure to pay for all hours on-the-clock, time-keeping, time recordation, and subsequent time rounding, and thus Defendant's actions were deliberate and willful within the meaning of the FLSA, and Defendant lacked a good faith basis for its actions. Defendant knew that Named Plaintiff, the FLSA Collective, and Ohio Class were entitled to overtime compensation under federal and Ohio law or acted in reckless disregard for whether they were so entitled.

74.     Defendant intentionally, knowingly, and willfully circumvented the requirements of the FLSA and the Ohio law.

75.     The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; and resulted in the unlawful deprivation of wages of Defendant to the detriment of Defendant's employees, including Named Plaintiff, the FLSA Collective, and Ohio Class, *see* O.R.C. § 4113.15.

**(Unpaid Overtime Due to Failure to Pay at the Correct Regular Rate of Pay)**

76.     During their employments with Defendant, Named Plaintiff, the FLSA Collective, and Ohio Class were not fully and properly paid for all of their compensable overtime hours worked because Defendant did not properly calculate their regular rates of pay for the purposes of meeting the minimum requirements set forth in the FLSA and Ohio law, which resulted in unpaid overtime wages. Defendant did not properly calculate overtime based on Named Plaintiff's, the FLSA Collective's, and Ohio Class's ***regular rate of pay***, as defined by the FLSA and as required

by Ohio law, but instead calculated overtime compensation based on their hourly rates of pay, resulting in unpaid overtime compensation.

77.     Defendant paid Named Plaintiff, the FLSA Collective, and Ohio Class a Base Hourly Wage as well as one or more additional forms of nondiscretionary remuneration that should have been included in the calculation of employees' regular rates of pay for overtime compensation calculation purposes.

78.     Bonuses and other forms of nondiscretionary remuneration which do not qualify for exclusion must be totaled in with other earnings to determine the regular rate on which overtime pay must be based. *See* 29 C.F.R. § 778.200.

79.     Examples of additional forms of nondiscretionary remuneration, include, but are not limited to, shift premiums for working certain shifts, production bonuses, bonuses dependent on the hours worked or length of employment with the company, and other forms of compensation which were based on objective, predetermined, and measurable criteria, payments that induced workers to work more efficiently or productively or at undesirable hours, incentivized or encouraged Named Plaintiff and similarly situated workers to work more steadily, rapidly and/or efficiently, and/or incentivized or encouraged its workers to remain with the company given its importance to the overall operation of Defendant's business (all types of nondiscretionary remuneration hereinafter "Additional Remuneration"). *See* 29 C.F.R §§ 778.207(b), 778.211(c). *See also* U.S. Department of Labor Fact Sheet # 56C: Bonuses under the Fair Labor Standards Act (FLSA).[6]

---

[6] https://www.dol.gov/agencies/whd/fact-sheets/56c-bonuses (last accessed Feb. 11, 2024).

80.     Defendant informed, announced, and/or promised to Named Plaintiff, the FLSA Collective, and the Ohio Class the additional non-discretionary Additional Remuneration, upon hiring or otherwise during their employments. Named Plaintiff, the FLSA Collective, and the Ohio Class expected to receive one or more forms of Additional Remuneration and did in fact receive one or more forms of Additional Remuneration.

81.     For example, in addition to the Base Hourly Wage, Defendant has a company-wide policy of paying its hourly, non-exempt employees a $0.35 per hour shift premium for working on 2nd shift and a $0.60 per hour for working on 3rd shift.

82.     During the last three years preceding the filing of this Complaint, Named Plaintiff, the FLSA Collective, and the Ohio Class received or earned their Base Hourly Wage in addition to the Additional Remuneration as described above in one or more workweeks when they work overtime hours, more than forty (40) hours in a single workweek.

83.     However, Defendant failed to fully include one or more forms of Additional Remuneration in calculating Named Plaintiff's, the FLSA Collective's, and the Ohio Class's regular rates of pay for overtime purposes during workweeks when they worked overtime in one or more workweeks.

84.     By way of one non-exhaustive example, during the pay period of June 11, 2023 through June 17, 2023, Named Plaintiff was paid $22.40 per hour and worked at least forty (40) regular hours. During the same pay period, she worked at least 0.32 hours of overtime for which she was paid $33.60 per hour. Defendant paid her $896.00 for the 40 regular hours and $10.75 for the 0.32 hours of overtime. In addition to her Base Hourly Wage, part of the overtime hours worked was on 3rd shift for which Defendant paid an additional shift premium of $0.60 per hour for a total of $24.19 for the overtime work. However, Defendant failed to include the shift premium when

calculating Named Plaintiff's regular rate of pay, resulting in unpaid overtime for this workweek alone.

85.     As a result of Defendant's failure to timely pay for all hours on-the-clock and/or Additional Remuneration Policy alleged above, Defendant's failure to compensate Named Plaintiff and similarly situated members of the Putative Class for hours worked more than forty (40) hours per week at "one and one-half times" the employee's "regular rate[s]" of pay constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and Ohio law, O.R.C. § 4113.15.

**(Unjust Enrichment)**

86.     Furthermore, Defendant was unjustly enriched by the retention of hourly wages that were earned and that rightfully belong to Named Plaintiff, the FLSA Collective, and Ohio Class. Defendant was unjustly enriched in that it induced Named Plaintiff, the FLSA Collective, and Ohio Class to perform work for the benefit of Defendant and retained the benefit of this work without having either paid or fully paid for the same.

87.     While Defendant represented to Named Plaintiff, the FLSA Collective, and Ohio Class that they would be paid for all time spent working for, and to the benefit of, Defendant, Defendant failed to pay for all hours worked that Named Plaintiff, the FLSA Collective, and Ohio Class were entitled to be paid, including all non-overtime hours worked up to and including forty (40) hours worked each workweek during their employments.

88.     At the end of the workday and/or workweek and after the work was performed, while operating under the understanding that they would be paid the agreed, straight-time hourly rate for all non-overtime hours worked, Defendant arbitrarily and without prior notice failed to pay for all hours worked. Named Plaintiff, the FLSA Collective, and Ohio Class were ultimately not paid for all non-overtime hours worked at the straight-time hourly rates they were entitled to be

paid (including any incentive payments for which they were eligible, as applicable), including as a result of Defendant's unlawful rounding and/or editing policy, and time manipulation practices in conformity with this policy.

89.     Although Named Plaintiff, the FLSA Collective, and Ohio Class satisfied the requirements of getting paid for all non-overtime hours at the straight-time promised hourly rate – by virtue of working, on the clock, pursuant to Defendant's policies, practices, and requirements – Named Plaintiff, the FLSA Collective, and Ohio Class were not paid for all hours worked in full as they were entitled.

90.     Defendant was unjustly enriched from Named Plaintiff, the FLSA Collective, and Ohio Class by failing and/or refusing to pay earned wages.

91.     Named Plaintiff, the FLSA Collective, and Ohio Class reasonably expected to be paid for all non-overtime hours work at the straight time hourly rates they expected to be paid.

92.     However, while Defendant knew that Named Plaintiff, the FLSA Collective, and Ohio Class worked for all the hours that improperly remain unpaid in full, Defendant nevertheless failed to pay for all hours worked as a result of Defendant's improper time rounding and/or editing policy, and time manipulation practices in conformity with this policy, resulting in less compensation paid than compensation earned and owed.

93.     Defendant benefited from the fruits of Named Plaintiff's, the FLSA Collective's, and Ohio Class's unpaid labor. Not only did Defendant benefit from Named Plaintiff, the FLSA Collective, and Ohio Class by wrongfully retaining the actual monies that should have been paid to Named Plaintiff, the FLSA Collective, and Ohio Class as non-overtime wages, Defendant also benefited in the form of increased sales, increased profits, increased ability to compete on the price of Defendant's products, increased revenue, increased payments to ownership/stockholders,

increased interest, increased volume, and increased market share, by using the nonpaid wages in furtherance of its business purposes.

94.     Allowing Defendant to retain the benefits provided by Named Plaintiff, the FLSA Collective, and Ohio Class under the circumstances presented as outlined above is demonstrably unjust.

95.     As a direct and proximate result of Defendant's unjust enrichment described herein, Named Plaintiff, the FLSA Collective, and Ohio Class have been damaged in an amount to be determined at trial, including but not limited to all non-overtime hours worked by Named Plaintiff, the FLSA Collective, and Ohio Class but not paid by Defendant at the 1.5x their regular rates of pay and straight time hourly rates required to be paid.

**(Defendant's Recordkeeping Violations)**

96.     The FLSA and Ohio law required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.

97.     For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

98.     Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an

employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

99.     Defendant kept records of hours worked, or otherwise had the ability to accurately track hours worked through Defendant's hardware, software, and/or systems, by Named Plaintiff, the FLSA Collective, and Ohio Class. However, at the time the hours worked by Named Plaintiff, the FLSA Collective, and Ohio Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift compensable work required by, performed for, and to the benefit of Defendant, which had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff, the FLSA Collective, and Ohio Class. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA and violated the FLSA and Ohio law record keeping requirements.

**(The Willfulness of Defendant's Violations)**

100.     In addition to the above allegations demonstrating the willfulness of Defendant's wage violations as provided for above, Defendant knew or should have known as a substantial employer, in accordance with its obligations under the FLSA and Ohio law, that its workers, including Named Plaintiff, the FLSA Collective, and Ohio Class, were entitled to overtime compensation under federal and state law.

101.     By denying Named Plaintiff, the FLSA Collective, and Ohio Class overtime compensation as required by the FLSA, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and Ohio law, as recited in this Complaint, but either failed to seek

out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA and failed to comply with them or acted in reckless disregard as to its obligations under these laws in failing to comply with them.

102. Moreover, Defendant's overtime compensation payment, and general wage compensation payment, obligations were clearly known by Defendant, but nonetheless willfully and intentionally disregarded. For example, O.R.C. § 4111.09 provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the Director of Commerce, this conspicuously-placed posting includes the language: "**OVERTIME** … [a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week..."[7]

103. In addition, federal law requires employers subject to the FLSA's wage provisions, such as Defendant, to post, and keep posted, a notice explaining the overtime provisions of the FLSA in a conspicuous place in all of their establishments so as to permit employees to readily read it, which includes the language that the employer must pay "**OVERTIME PAY**" at "[a]t least 1½ times the regular rate of pay for all hours worked over 40 in a workweek."[8]

---

[7] *See, e.g.,* https://com.ohio.gov/static/documents/2023MWPoster.pdf (emphasis original) (last accessed Feb., 11, 2024) (emphasis original).
[8] https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/minwagep.pdf (last accessed Feb., 11, 2024) (emphasis original).

104.     Upon information and belief, Defendant posts the notices required to be posted under both Ohio law and the FLSA which each contain language outlining Defendant's overtime compensation requirements. By complying with state and federal overtime payment notice posting requirements, but nevertheless by not paying overtime compensation as required by these overtime payment notices, Defendant indisputably knew of the overtime requirements of the FLSA, or acted in reckless disregard for whether Named Plaintiff, the FLSA Collective, and Ohio Class were entitled to overtime compensation. Despite Defendant's knowledge, and mental awareness, of the overtime provisions of the FLSA and Ohio law, including by physically posting notices recognizing that Defendant was required to pay overtime compensation for all overtime hours worked, Defendant has, for many years, continued to fail to pay overtime wages for overtime hours worked to Named Plaintiff, the FLSA Collective, and Ohio Class.

105.     Moreover, as noted above, as a result of Defendant's timekeeping requirements, Defendant was specifically aware of the actual hours worked by Named Plaintiff, the FLSA Collective, and Ohio Class. However, at the time that the hours worked by Named Plaintiff, the FLSA Collective, and Ohio Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift compensable work required by, performed for, and to the benefit of Defendant, which had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff, the FLSA Collective, and Ohio Class. Ultimately, Defendant altered hours worked records in an attempt to get around overtime pay requirements. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA.

106.    Under these circumstances, Defendant's violations of the FLSA were willful, within the meaning of the FLSA inasmuch as Defendant had actual notice of the requirements of the FLSA.

107.    Named Plaintiff and the FLSA Collective are therefore entitled to liquidated damages equal to the amount of all unpaid overtime compensation pursuant to 29 U.S.C. § 260.

108.    In addition, Named Plaintiff and the Ohio Class are entitled to recovery under Ohio's law providing for recoverable untimely payment of wages pursuant to O.R.C. § 4113.15.

## IV.    COLLECTIVE AND CLASS ACTION ALLEGATIONS

### A.    FLSA Collective Action for Unpaid Overtime Wages

109.    Named Plaintiff brings Count I of this action on behalf of herself and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein.

110.    As outlined above, the FLSA Collective to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff herself is a member, is composed of and defined as follows:

> All current and former hourly, non-exempt manufacturing employees of Defendant during the period of three years preceding the commencement of this action to the present who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek ("FLSA Collective"). [9]

111.    Such persons are "similarly situated" with respect to Defendant's FLSA overtime violations, as to the collective group of employees identified above, in that all were non-exempt

---

[9] Named Plaintiff reserves the right to amend and refine the definition of to whom she seeks to have provided with Court-authorized notice based upon further investigation and discovery.

employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

112.   Named Plaintiff and the members of the FLSA Collective, having willfully been not paid at least the federal overtime wage for the overtime hours they worked for Defendant pursuant to the common policies described herein, are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and the associated decisional law. *See* 29 U.S.C. § 207.

113.   Named Plaintiff and the members of the FLSA Collective have been similarly affected by the FLSA overtime violations of Defendant in one or more workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal overtime wages owed.

114.   Named Plaintiff and the members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Named Plaintiff and the members of the FLSA Collective are similarly situated to each other in that they are all entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

115.   Throughout her employment with Defendant, Named Plaintiff was subjected to the same timekeeping and payroll policies and practices by Defendant that led to less overtime wages paid than overtime hours worked that the members of the FLSA Collective were subjected to.

116.   Named Plaintiff is similarly situated to the members of the FLSA Collective and will prosecute this action vigorously on their behalf.

117.    This action is maintainable as an "opt-in" collective action pursuant to the FLSA as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Named Plaintiff, numerous current and former non-exempt manufacturing employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as her own, in bringing this action.

118.    Maintaining this case as a collective action and issuing Notice to the FLSA Collective pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

119.    Named Plaintiff is entitled to send notice to all potential members of the FLSA Collective pursuant to Section 216(b) of the FLSA. Identification of potential members of the FLSA Collective is readily available from the timekeeping and compensation records, including timekeeping and payroll data, maintained by Defendant. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA and decisional law.

120.    Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to potential members of the FLSA Collective is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of the statutory overtime wages.

121.     Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b) – by Court order – is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

122.     These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

123.     The precise size and identity of the group of potential members of the FLSA Collective are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Named Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential members of the FLSA Collective consist of approximately several hundred or more persons.

**B.      Federal Rule of Civil Procedure 23 Class Action for Unpaid Wages**

124.     Named Plaintiff brings Counts II and III under Federal Rule of Civil Procedure 23 as a class action on behalf of herself and all other members of the Ohio Class in two Ohio subclasses.

125.     In particular, Named Plaintiff brings Count II under Federal Rule of Civil Procedure 23 as a class action on behalf of herself and all other members of the Ohio Class under O.R.C. § 4113.15, defined as:

> All current and former hourly, non-exempt manufacturing employees of Defendant during the period of two years preceding the commencement of this action to the present who, during one or more workweeks, were not paid compensation for all hours worked ("OPPA Subclass" or "OPPA Subclass Members").

126.    Named Plaintiff brings Count III under Federal Rule of Civil Procedure 23 as a class action on behalf of herself and all other members of the Ohio Class under Ohio common law for unjust enrichment defined as:

> All current and former hourly, non-exempt manufacturing employees of Defendant during the period of six years preceding the commencement of this action to the present who, during one or more workweeks, were not paid compensation for all hours worked ("Unjust Enrichment Subclass" or "Unjust Enrichment Subclass Members")

127.    Together, the OPPA Subclass and Unjust Enrichment Subclass constitute the Ohio Class or Ohio Class Members.

128.    The Ohio Class, as defined above, is so numerous that joinder of all members is impracticable. Named Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the Ohio Class consists of several hundred or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant maintained, and was required to maintain, pursuant to the FLSA and Ohio law. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; and Art II., Section 34a of the Ohio Constitution.

129.    Named Plaintiff is a member of the Ohio Class and her claims for unpaid wages are typical of the claims of other members of the Ohio Class.

130.    Named Plaintiff will fairly and adequately represent the Ohio Class and the interests of all members of the Ohio Class.

131.    Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Ohio Class that she has undertaken to represent.

132.    Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Class. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

133.    Questions of law and fact are common to the Ohio Class and predominate over any questions affecting only individual members. The questions of law and fact common to the Ohio Class arising from Defendant's conduct include, without limitation:

    (a)    whether Defendant violated Ohio law by failing to pay the Ohio Class Members for all overtime and/or non-overtime wages earned because of the violation(s) described herein;

    (b)    what amount of unpaid and/or withheld compensation, including overtime and/or non-overtime compensation, is due to Named Plaintiff and the Ohio Class on account of Defendant's violations of Ohio law, O.R.C. § 4113.15; and Ohio's doctrine of unjust enrichment;

    (c)    whether the unpaid and/or withheld compensation remains unpaid in violation of Ohio law;

    (d)    whether Defendant's retention of the wages earned by Named Plaintiff and the Unjust Enrichment Subclass results in inequity; and

    (e)    what amount of prejudgment interest, liquidated damages, and/or other monetary relief afforded by the Ohio law is due to Named Plaintiff and the Ohio Class on the overtime and/or non-overtime, or other entitled compensation which was withheld or not paid to them.

134.    Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to the non-exempt employees comprising of the Ohio Class.

135.    Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Class, making appropriate relief with respect to Named Plaintiff and the Ohio Class as a whole.

136.    Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Class predominate over questions affecting individual members of the Ohio Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

137.    A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and members of the Ohio Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

138.    Named Plaintiff and counsel are not aware of any interfering pending Ohio litigation on behalf of the Ohio Class as defined herein.

## V.    CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 207 - FLSA COLLECTIVE ACTION
### FOR UNPAID OVERTIME COMPENSATION)

139.    Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

140.    This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and other members of the FLSA Collective against Defendant, individuals who may join this case pursuant to 29 U.S.C. § 216(b).

141.    The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

142.    During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective.

143.    Named Plaintiff and the FLSA Collective were paid as non-exempt employees.

144.    During the three (3) years preceding the filing of this Complaint, Named Plaintiff and the FLSA Collective worked in excess of forty (40) hours in one or more workweek(s), but were not paid for all overtime hours worked as a result of one or more of Defendant's policies and/or practices as alleged above.

145.    Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to pay overtime for all hours worked over forty (40) hours in a workweek at one-and-one-half times (1.5x) their regular rates of pay because of Defendant's companywide policies and/or practices described herein.

146.    Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective are entitled.

147.    The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

148.     Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Named Plaintiff and other similarly situated employees also violates the FLSA. *See* 29 C.F.R § 516.2(a)(7).

149.     Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime compensation to Named Plaintiff and the FLSA Collective was neither reasonable, nor was the decision not to pay overtime compensation made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

150.     As a result of Defendant's violations of the FLSA, Named Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Named Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT II
### (O.R.C. § 4113.15 – RULE 23 CLASS ACTION
### FOR OPPA VIOLATION ON BEHALF OF OPPA SUBCLASS)

151.     Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

152.     The OPPA encompasses two claims. First, a violation of any other wage statute (including the FLSA) triggers a failure to timely pay wages under the OPPA.

153.     Second, the OPPA allows an employee to sue to recover liquidated damages if the wages due are not in dispute.

154. Named Plaintiff and the OPPA Subclass Members have been employed by Defendant.

155. At all times relevant, Defendant was an entity covered by the OPPA, and Named Plaintiff and OPPA Subclass Members have been employed by Defendant within the meaning of the OPPA.

156. The OPPA requires Defendant to pay Named Plaintiff and OPPA Subclass Members all wages, including overtime and non-overtime compensation, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof *and* on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

157. As outlined above, Defendant did not, as required by O.R.C. § 4113.15(A), on or before the first day of each month, pay all wages earned by Named Plaintiff and the members of the OPPA Subclass on or before the first day of each month, the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and did not, on or before the fifteenth day of each month, pay these employees the wages earned by them during the last half of the preceding calendar month.

158. As a result, Named Plaintiff's and OPPA Subclass Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

159. Defendant's violations of the OPPA, O.R.C. § 4113.15, injured Named Plaintiff and other OPPA Subclass Members in that they did not receive wages due to them in a timely fashion as required by Ohio Law.

160. Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and the members of the OPPA Subclass all

wages owed in a timely fashion as required by Ohio law. Defendant's deliberate failure to timely pay all compensation owed to Named Plaintiff, and the members of the OPPA Subclass, was neither reasonable, nor was the decision not to pay in accordance with O.R.C. § 4113.15 made in good faith. By engaging in these practices, Defendant violated Ohio law and regulations that have the force of law.

161.    As a result of Defendant's violation of the OPPA, Named Plaintiff and OPPA Subclass Members are entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.

## COUNT III
## (UNJUST ENRICHMENT – RULE 23 CLASS ACTION ON BEHALF OF THE UNJUST ENRICHMENT SUBCLASS)

162.    Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

163.    Named Plaintiff brings this claim on behalf of herself and the Unjust Enrichment Subclass as a result of Defendant's suffering or permitting her and the Unjust Enrichment Subclass to work for its benefit and for not paying them non-overtime wages for all the time that they worked due to the one of more of the pay policies/practices alleged above.

164.    As hereinabove alleged, Named Plaintiff and the Unjust Enrichment Subclass Members conferred a benefit upon Defendant in that Defendant received a direct monetary benefit from employees by retaining wages Named Plaintiff and the Ohio Subclass were entitled to be paid. However, Named Plaintiff and the Unjust Enrichment Subclass were not paid the hourly rates that they were entitled and/or promised to be paid for all hourly work completed as a result of Defendant's pay policies/practices.

165.    Defendant knew that it retained one or more benefits to the detriment of Named Plaintiff and the Unjust Enrichment Subclass in the form of unpaid wages, but nevertheless failed to pay them anyways.

166.    Defendant has been unjustly enriched at the expense of Named Plaintiff and the Unjust Enrichment Subclass by the retention of promised hourly wages that were earned and that rightfully belong to Named Plaintiff and the Unjust Enrichment Subclass. Defendant was unjustly enriched in that it induced Named Plaintiff and the Unjust Enrichment Subclass to perform work for the benefit of Defendant and retained the benefit of this work without having paid for the same.

167.    Allowing Defendant to retain the benefits provided by Named Plaintiff and the Unjust Enrichment Subclass – free, unpaid labor – under the circumstances presented as outlined above, is demonstrably unjust. Defendant has retained the benefit of Named Plaintiff's and the Unjust Enrichment Subclass's services without compensating them as promised, under circumstances in which it would be unjust and unconscionable to permit Defendant to do so.

168.    As a result of Defendant's having been unjustly enriched, Named Plaintiff and the Unjust Enrichment Subclass are entitled to compensation for the value of the benefit Named Plaintiff and the Unjust Enrichment Subclass conferred on Defendant.

169.    Having injured Named Plaintiff and the Unjust Enrichment Subclass, Defendant is liable to Named Plaintiff and the Unjust Enrichment Subclass in the full amount of regular wages that remain unpaid, pre- and post-judgment interest as applicable, costs and reasonable attorney's fees as may be allowed by the Court, an award of damages representing Defendant's employers' share of FICA, FUTA, state employment insurance, and any other required employment taxes, and such other and further relief as provided under law.

## VI.  **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A.     Tolling of the statute of limitations, *freely*, as to all would-be Opt-In Plaintiffs to the date this matter was initially filed;

B.     Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

D.     Certifying this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and other members of the Ohio Class, who seek recovery under O.R.C. § 4113.15, and Ohio common law doctrine of unjust enrichment, and designating Named Plaintiff as representative of the Ohio Class, and counsel of record as Class Counsel for the Ohio Class;

E.     Finding that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA, the OPPA, and Ohio's doctrine of unjust enrichment;

F.     Entering judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

G.     Entering judgment against Defendant for damages for all unpaid compensation owed to Named Plaintiff and the OPPA Subclass during the applicable statutory period under O.R.C. § 4113.15 and continuing through trial;

H.     Entering judgment against Defendant for damages for all unpaid compensation owed to Named Plaintiff and the Unjust Enrichment Subclass during the applicable six-year period preceding commencement of the action and continuing through trial;

I.     Entering judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

J.     Awarding to Named Plaintiff, the FLSA Collective, and Ohio Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the OPPA, including but not

limited to an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per Ohio Class member, whichever is greater;

K.  Awarding Named Plaintiff, the FLSA Collective, and Ohio Class prejudgment interest, post-judgment interest, and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

L.  Award monetary relief to Named Plaintiff and the Ohio Class in an amount sufficient to divest Defendant of the amounts gained by its unjust enrichment;

M.  Awarding to Named Plaintiff a service award for her efforts in remedying various pay policies/practices as outlined above;

N.  Awarding to Named Plaintiff, the FLSA Collective, and Ohio Class attorneys' fees required for prosecution of this action, expert fees, and reimbursement of all costs and expenses;

O.  Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

P.  Declaring judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

Q.  Awarding such other and further relief as this Court may deem equitable, necessary, just, or proper.

Respectfully submitted,

| | |
|---|---|
| */s/ Daniel I. Bryant* | */s Ryan A. Winters* |
| Daniel I. Bryant (0090859) | Joseph F. Scott (0029780) |
| **BRYANT LEGAL, LLC** | Ryan A. Winters (0086917) |
| 4400 N. High St., Suite 310 | **SCOTT & WINTERS LAW FIRM, LLC** |
| Columbus, Ohio 43214 | P: (216) 912-2221    F: (440) 846-1625 |
| Phone: (614) 704-0546 | 50 Public Square, Suite 1900 |
| Facsimile: (614) 573-9826 | Cleveland, OH 44113 |
| Email: dbryant@bryantlegallc.com | jscott@ohiowagelawyers.com |
| | rwinters@ohiowagelawyers.com |
| Esther E. Bryant (0096629) | |
| **BRYANT LEGAL, LLC** | Kevin M. McDermott II (0090455) |
| 3450 W Central Ave., Suite 370 | **SCOTT & WINTERS LAW FIRM, LLC** |
| Toledo, Ohio 43606 | P: (216) 912-2221    F: (440) 846-1625 |
| Telephone: (419) 824-4439 | 11925 Pearl Rd., Suite 310 |
| Facsimile: (419) 932-6719 | Strongsville, Ohio 44136 |
| Email: Mbryant@bryantlegallc.com | kmcdermott@ohiowagelawyers.com |
| Ebryant@bryantlegallc.com | |

*Attorneys for Named Plaintiff and Other Members*
*of the proposed FLSA Collective and proposed Ohio Class Counsel*

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Daniel I. Bryant*
Daniel I. Bryant

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2024, a true and accurate copy of the forgoing

was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's

electronic filing system. Parties may access this filing through the Court's ECF system.

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)