# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| ANGELICA BALDERAS, *on behalf of herself and all others similarly situated*, | ) Case No. 3:24-cv-00263 ) |
| | ) JUDGE JACK ZOUHARY |
| *Plaintiffs*, | ) |
| v. | ) |
| NORPLAS INDUSTRIES INC. | ) |
| *Defendant*. | ) |

**JOINT STATUS REPORT**

In the Court's Order dated October 17, 2025, the Court extended by one week the time for the parties to meet and confer regarding the method and language of the notice and jointly file for the Court's approval a completed Notice Form, indicating any disagreements as to language. Dkt. 63.

1. Counsel for the Parties met and conferred several times regarding the method and content of the notice. The Parties worked together cooperatively and diligently, and both sides compromised on certain points to whittle down the number of disputed issues.

2. The Parties were able to agree regarding the method of the Notice. Specifically, it is agreed that a third-party administrator will send the Notice to putative collective members via mail and email. The third-party administrator will send the Notice via text message to a putative collective member if either mail or email are returned as undeliverable or if Defendant does not produce an email address for such person.

3. The Parties were able to agree regarding the content of the Consent Form, which is attached as Exhibit 1. The Parties further agree that the third-party administrator will assign a unique identification number to each member of the putative collective action and insert corresponding unique identification numbers on each Consent Form that is sent out.

4. However, some disagreements remain regarding the length of the notice period and content of the Notice Form. Plaintiff's proposed version of the Notice Form is attached as Exhibit 2. Defendants' proposed version of the Notice Form is attached as Exhibit 3. Plaintiff's and Defendant's respective positions regarding the disagreements are set forth below.

5. **Plaintiff's Position Regarding Length of Notice and Notice Form**

Named Plaintiff hereby outlines the key disagreements regarding notice below and explains why her proposed version of the Notice should be approved.

First, Named Plaintiff requested a 90-day notice period. Defendant proposed 45 days and is only willing to agree to a 60-day period even though it identified approximately 6,000 FLSA putative class members. Defendant appears to ignore that many notices are initially returned undeliverable, which requires performing skip-tracing to determine if there is a better address and then re-mail the notice. The returned mailings occur over the course of the first 30 days, but are sometimes returned even later. Defendant is not prejudiced by the 90-day notice period as a notice period that is too short could result in derivative litigation, including individual lawsuits or a second collective action lawsuit. Conversely, a 90-day notice period allows the Court to "err on the side of inclusivity" to ensure that potential opt-in plaintiffs are not excluded from this lawsuit such that they end up filing another lawsuit. *See Miller v. H.G. Ohio Employee Holding Corp.*, No. 2:21-cv-3978, 2022 WL 2526818, at *9 (S.D. Ohio July 7, 2022) (Sargus, J.) (the "Court will err on the side of inclusivity" when granting a 90-day notice period); *Hogan v. Cleveland Ave Rest.*,

*Inc.*, 690 F. Supp. 3d 759, 782 (S.D. Ohio 2023) (granting 90-day notice period for that reason). *Accord*, *Godsey v. Airstream, Inc.*, No. 3:19-CV-107, 2020 WL 502550, at *5 (S.D. Ohio Jan. 31, 2020); *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-cv-253, 2015 WL 853234, at *1 (S.D. Ohio Feb. 26, 2015); *Sisson v. OhioHealth Corp.*, No. 2:13-cv-517, 2013 WL 6049028, at *8 (S.D. Ohio Nov. 14, 2013). A 90-day notice period has been repeatedly recognized as "standard" when authorizing notice. *Pender v. Wings*, 661 F. Supp. 3d 751, 762 (S.D. Ohio 2023) ("This Court has repeatedly noted that 90 days is a standard notice period and granted it accordingly.").[1]

Second, Defendant's proposed notice attempts to chill participation as much as possible, dissuade individuals from opting into the lawsuit, and is contrary to the remedial purpose of the FLSA. Language that "serves only to inject confusion into the minds of putative class members as to their eligibility" and language that "would have a similar chilling effect on participation" is not appropriate in an FLSA notice. *See Jones v. Converse Elec., Inc.*, No. 21CV-1830, 2021 WL 5027411, at *6 (S.D. Ohio Oct. 29, 2021) (collecting cases approving FLSA notice language similar to that proposed by the *Jones* plaintiff, who was represented by one of Plaintiff's undersigned counsel). As one Court observed, "[a]bsent reasonable objections by either the defendant or the Court, plaintiffs should be allowed to use the language of their choice in drafting the notice." *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1139–40 (N.D. Ill. 2017) (internal quotations omitted). While "[t]he Court has both the power and the duty to ensure that the notice is fair and accurate, [but] that power should not be used to alter plaintiffs' proposed

---

[1] Plaintiff will not cite every case, but the following decisions approved a 90-day notice period: *Baughman v. KTH Parts Indus., Inc.*, No. 3:19-cv-8, 2021 U.S. Dist. LEXIS 153480, at *12-13, 2021 WL 3616014, at *4 (S.D. Ohio Apr. 16, 2021); *Myres v. Hopebridge, LLC*, No. 2:20-CV-5390, 2021 WL 2659955, at *7 (S.D. Ohio June 29, 2021); *Ganci v. MBF Inspection Servs., Inc.*, No. 2:15-CV-2959, 2016 WL 5104891, at *2 (S.D. Ohio Sept. 20, 2016); *Smith v. Generations Healthcare Servs. LLC,* No. 2:16-CV-807, 2017 WL 2957741, at *7 (S.D. Ohio July 11, 2017) (Marbley, J.); *Conklin v. 1-800 Flowers.com, Inc.*, No. 2:16-CV-675, 2017 WL 3437564, at *6 (S.D. Ohio Aug. 10, 2017) (Marbley, J.). *See also Marek, et al v. Toledo Tool & Die Company, Inc.*, No. 3:16-cv-3006, 2018 WL 4680551, at *5 (N.D. Ohio Sept. 28, 2018) (Carr, J.); *Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, at 1075–76 (S.D. Ohio 2016) (noting courts' **"overwhelming acceptance of 90-day opt-in periods"**).

notice unless such alteration is necessary." *Heitmann v. City of Chicago*, 04 C 3304, 2004 WL 1718420, at *3 (N.D. Ill. July 30, 2004). Named Plaintiff's proposed Notice was crafted consistently with notices that have been approved in other FLSA collective actions and it should not be chipped away by Defendant. *See, e.g., Rush, et al. v. Sanoh America, Inc.*, No. 3:24-cv-1472, Dkt. No. 24-1 (N.D. Ohio Apr. 24, 2025) (Zouhary, J.); *Hale v. Landmark Recovery of Ohio, LLC*, No. 3:22-cv-2011, Dkt. No. 56 and 56-1 (N.D. Ohio Oct. 19, 2023) (Zouhary, J.); *Frederick v. CCH Healthcare OH, LLC*, No. 3:22-cv-699, Dkt. No. 23, 23-1, at PageID #: 411–12 (N.D. Ohio Sept. 27, 2022) (Zouhary, J.); *Balderas v. Schutz Container Sys., Inc.*, No. 3:21-cv-02427, Dkt. No. 21, at PageID #: 98 (N.D. Ohio Sept. 1, 2022) (Zouhary, J.); *Seiber v. Mgmt. and Training Corp.*, No. 3:19-cv2983, Dkt. No. 21, at PageID #: 135 (N.D. Ohio Sept. 9, 2025) (Zouhary, J.).

Third, Defendant requests "allegedly" and multiple denials of the allegations, but a single "Defendant denies the allegations" and the "Court has not yet made any determination regarding the merits" is enough. *See Harsh, et al. v. Kalida Manufacturing Company, Inc.*, Dkt. No. 49, No. 3:18-cv-2239 (N.D. Ohio Nov. 12, 2019) (Helmick, J.). *See Farmer v. LHC Grp., Inc.*, No. 2:20-CV-3838, 2020 WL 7416946, at *5–6 (S.D. Ohio Dec. 18, 2020) (Graham, J.) (approving the notice as neutral and sufficiently informative because it included a standalone paragraph stating the defendant denied the allegations and a statement that the "Court has not yet made any determination regarding the merits of the Case"). Here, any description of the lawsuit is cured by *two separate statements* that Defendant denies the allegations and informs the putative class that the Court has made no findings as to the merits of the case.

Fourth, Defendant *admitted* that it failed to include the shift premiums into the regular rate of pay (ECF No. 45-1, p. 45, 30(b)(6) Deposition),[2] but objects to inclusion of this language into

---

[2] "Q. Okay, thank you. Do you agree that shift premium should have been paid? A. Correct. Yes."

the notice. Named Plaintiff maintains that such a statement should remain because it accurately describes the lawsuit and will not prejudice Defendant since it admitted to this fact. Relatedly, Defendant also admitted the staffing agency workers are paid a shift premium as well. *Id.*, p. 38-39.[3]

Finally, Defendant strangely requests that the putative class members be required to return the consent form only to the third-party administrator instead of being permitted to return it to the third-party administrator or Plaintiffs' counsel. There is no legitimate basis to constrain the putative class members in this way and putative class members should be able to have either option.

### 6. Defendant's Position Regarding Length of Notice and Notice Form

The Court should use a 60-day notice period. In prior cases, Your Honor has authorized 45 or 60 days, not 90.[4] Sixty days is more than reasonable for individuals to review and respond. The amount of time it takes each person to respond is not affected by the size of the putative collective. Ninety days would cause delay.

"**OPPORTUNITY TO JOIN**" should not be included in the header. "Opportunity" is defined by Merriam-Webster as "a favorable juncture of circumstances." Such language is not

---

[3] "Q. And would you also pay a shift differential to these employees? A. Yes, it was 25 cents for both second and third, was the same."

[4] *Zetzer v. Crown Battery Mfg.,* No. 3:22-cv-2329, Dkt. 30-2 (N.D. Ohio July 11, 2023) (**45 days**); *Oakes v. Auria Holmesville, LLC,* No. 3:22-cv-88, Dkt. 26-2 (N.D. Ohio April 4, 2022) (**45 days**); *Clark v. IAC Huron, LLC,* No. 3:20-cv-1109, Dkt. 21-2 (N.D. Ohio March 19, 2021)(**45 days**); *Balderas v. Schutz Container Sys.,* No. 3:21-cv-2427, Dkt. 20-1 (Aug. 30, 2022) (**45 days**); *Brank v. Med1Care, Ltd.,* No. 3:22-cv-384, Dkt. 19-1 (N.D. Ohio July 15, 2022) (**45 days**); *Yarger v. Tireman Auto Serv. Ctrs.,* No. 3:22-cv-2291, Dkt. 16-1 (N.D. Ohio Aug. 30, 2023) (**60 days**); *Rush v. Sanoh Am., Inc.,* No. 3:24-cv-1472, Dkt. 24-1 (N.D. Ohio April 24, 2025) (**60 days**); *Hale v. Landmark Recov. of Ohio, LLC,* No. 3:22-cv-2011, Dkt. 56-1 (N.D. Ohio Nov. 27, 2023)(**60 days**); *Frederick v. CCH Ohio, LLC,* No. 3:22-cv-699, Dkt. 23-1 (N.D. Ohio Sept. 27, 2022) (**60 days**).

neutral. It has a distinctly positive connotation and turns the notice into solicitation. In prior cases, this Court has not included such language. *See supra fn.4.*

In the definition of "Collective" the Notice should say "non-discretionary" before "additional remuneration" to align with allegations in the Amended Complaint. Dkt. 24 ¶ 79-80.

In Section II, the Court should use Defendant's proposed description of the allegations which is neutral, concise, and word-for-word identical to language in this Court's Order on conditional certification. Dkt. 61 at 1-2. Plaintiff's language is lengthy, biased, and obscures that these statements are mere allegations.

In Section II, the Notice should not state that Defendant admitted shift premiums were not included in the overtime rates. Such language is not neutral, and it is inconsistent with the Court's standard language that the Court has made no findings on the merits. It is also misleading and implies that Defendant has admitted liability, when it has not. *See* Dkt. 25 ¶ 83. To the extent that shift premiums were not factored into the overtime rate, it would only apply to Norplas employees who worked second or third shift prior to November 2024. Dkt. 45-1 at 36-37. It would not apply to Norplas employees who worked first shift or who worked after November 2024. And while staffing agency employees were paid a shift premium, they are subject to different payroll practices. *Id.* at 39. There is no evidence that the staffing agencies failed to include shift premiums in the overtime rate. Even if Norplas did not factor shift premiums into the overtime rate for some employees some of the time, Norplas may not be liable because it pays employees at double their hourly rate for work on Sundays and sometimes pays overtime when employees work less than 40 hours, Dkt. 57-1 ¶ 23-24, and such overpayments result in a credit against overtime pay. *See* 29 U.S.C. § 207(h)(2) and (e)(6). The Court should avoid language about alleged admissions that presents a biased and misleading view of the evidence and liability.

In Section II, the Court should include: (1) "Defendant denies the claims alleged in the lawsuit, has raised affirmative and other defenses, and denies that the employees at issue are entitled to any relief." and (2) "The right to any recovery has not been established and is not guaranteed or certain." In prior cases, the Court has approved the same or similar language, which is neutral and fair. *See Yarger,* No. 3:22-cv-2291, Dkt. 16-1; *Zetzer,* No. 3:22-cv-2329, Dkt. 30-2; *Oakes,* No. 3:22-cv-88, Dkt. 26-2; *Clark,* No. 3:20-cv-1109, Dkt. 21-2; *Brank,* No. 3:22-cv-384, Dkt. 19-1; *Frederick,* No. 3:22-cv-699, Dkt. 23-1.

In Section III, Defendant's proposed language is neutral, fair, and the same or similar to other notices approved by this Court. *See, e.g., Zetzer,* No. 3:22-cv-2329, Dkt. 30-2; *Oakes,* No. 3:22-cv-88, Dkt. 26-2; *Clark,* No. 3:20-cv-1109, Dkt. 21-2*.* In contrast, Plaintiff's proposal is focused on monetary recovery, like a solicitation.

In Section IV, putative collective members should be directed to send the Consent Form to the third-party administrator (not "to Plaintiff's counsel or the third-party administrator"). This will ensure that administration of the opt-in process is centralized and documented by a neutral third party. Likewise, in the email and text notice, putative members should be provided contact information to both Plaintiff's counsel *and the neutral third-party administrator*.

In Section V, no language regarding contingency fees is needed because it is duplicative of information already covered in Section III, which uses more neutral language that is aligned with prior Notices approved by this Court.

7. Based on the above submission, the Parties jointly request that the Court resolve the above-described disagreements.

Respectfully submitted,

| | |
|---|---|
| */s Ryan A. Winters (w/consent)* <br> Joseph F. Scott (0029780) <br> Ryan A. Winters (0086917) <br> Kevin M. McDermott II (0090455) <br> **SCOTT & WINTERS LAW FIRM, LLC** <br> P: (216) 912-2221   F: (440) 846-1625 <br> 11925 Pearl Rd., Suite 308 <br> Strongsville, Ohio 44136 <br> jscott@ohiowagelawyers.com <br> rwinters@ohiowagelawyers.com <br> kmcdermott@ohiowagelawyers.com <br><br><br> */s/ Daniel I. Bryant (w/consent)* <br> Daniel I. Bryant (0090859) <br> **BRYANT LEGAL, LLC** <br> 4400 N. High St., Suite 310 <br> Columbus, Ohio 43214 <br> Phone: (614) 704-0546 <br> Facsimile: (614) 573-9826 <br> Email: dbryant@bryantlegalllc.com <br><br> Esther E. Bryant (0096629) <br> **BRYANT LEGAL, LLC** <br> 3450 W Central Ave., Suite 370 <br> Toledo, Ohio 43606 <br> Telephone: (419) 824-4439 <br> Facsimile: (419) 932-6719 <br> Email: ebryant@bryantlegalllc.com <br><br> *Attorneys for Named Plaintiff and Other Members of the proposed FLSA Collective and proposed Ohio Class Counsel* | **JACKSON LEWIS P.C.** <br><br> */s/ Allan S. Rubin* <br> Allan S. Rubin (MI #P44420) <br> 2000 Town Center, Suite 1650 <br> Southfield, MI 48075 <br> Email: Allan.Rubin@JacksonLewis.com <br><br> *Counsel for Defendant Norplas Industries, Inc.* |